| | |
|---|---|
| 1 | Donald L. Myles, Jr., Bar #007464 |
| 2 | Steven D. Leach, Bar #011584 |
|   | Michele Molinario, Bar #020594 |
| 3 | JONES, SKELTON & HOCHULI, P.L.C. |
|   | 2901 North Central Avenue, Suite 800 |
| 4 | Phoenix, Arizona  85012 |
|   | Telephone:  (602) 263-1700 |
| 5 | Fax:  (602) 200-7842 |
|   | dmyles@jshfirm.com |
| 6 | sleach@jshfirm.com |
|   | mmolinario@jshfirm.com |

*Attorneys for Defendant City of Yuma, City Council, Its Administrator, Human Resources Department, Its Director, and Mayor*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| YVONNE CUMMINS, | NO. CV-08-0440-PHX-SRB |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| CITY OF YUMA, in the COUNTY OF YUMA, ARIZONA, the CITY COUNCIL, ITS ADMINISTRATOR, HUMAN RESOURCES DEPT. and ITS DIRECTOR, and the MAYOR all in their individual as well as official capacities, | |
| Defendants. | |

Pursuant to Rule 12(b)(6) and/or Rule 12(c), Federal Rules of Civil Procedure, Defendants City of Yuma, City Council, its Administrator, Human Resources Department, its Director, and Mayor (collectively referred to "City Defendants") move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted or, in the alternative, on the basis that judgment on the pleadings is warranted, for four reasons: 1) Plaintiff cannot demonstrate a *prima facie* case of age discrimination. 2) Plaintiff improperly named individual employee defendants; 3) Plaintiff failed to serve a

1958892.1

Notice of Claim upon the City Defendants for her state law claims and 4) Plaintiff's claims from "several years ago" are barred by the statute of limitations. The following memorandum of points and authorities supports this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

   A.   **The Charge of Discrimination.**

On November 23, 2007, Plaintiff filed a Charge of Discrimination with the Arizona Attorney General's Office, Civil Rights Division alleging that on October 10, 2007, the City of Yuma advertised for a job that required applicants to disclose all work experience and a failure to list all work history would be considered untruthful. Plaintiff claimed this advertisement discouraged her from applying for the position and violated her civil rights under the Age Discrimination in Employment Act ("ADEA"). The charge of discrimination was also filed on December 3, 2007 with the United States Equal Employment Opportunity Commission. Plaintiff alleges the "EEOC" issued a notice of right to sue on December 20, 2007. *See* Plaintiff's Complaint, ¶ VIII.

   B.   **The Lawsuit.**

Plaintiff filed her lawsuit [75 days later] on March 5, 2008, alleging state and federal claims. *See* Plaintiff's Complaint, ¶ III. Plaintiff alleges that on October 7, 2007, City officials placed an advertisement for an accounting position in the local Sunday newspaper. Plaintiff contends that she is "elderly[1]," and "well-qualified" for the position. But, Plaintiff alleges she was discouraged from applying for the position, because the City's application process placed an onerous burden upon her to disclose her entire work history. Specifically, Plaintiff contends the City application dissuaded Plaintiff from pursuing the position because it stated that "[y]our application must show all work experience which you possess. Failure to list all work history will be considered

---

[1] Giving Plaintiff the benefit of the doubt, City Defendants presume Plaintiff is over the age of 40.

1958892.1

untruthful." *See* Plaintiff's Complaint, p. 2. Plaintiff's unwillingness to comply with this reasonable request apparently caused her to not apply for the position.

Plaintiff failed to allege that she complied with the Notice of Claim requirements for state claims. Plaintiff also alleges unspecified discriminatory acts that occurred "in the past several years" and demands "many years of lost wages". *See* Plaintiff's Complaint, ¶¶ VI & IX. Plaintiff neither alleged that she timely filed a Charge of Discrimination nor her lawsuit within the statutory period.

## II.  LEGAL ARGUMENTS

### A. Plaintiff Fails to State a Claim Under ADEA or In the Alternative Requires Judgment on the Pleadings.

To establish a *prima facie* case of age discrimination, the plaintiff must prove that: 1) he or she is a member of a protected class; 2) **he or she applied for** and was qualified for a promotion; 3) he or she was considered for and **denied the position** [adverse action]; and 4) other employees with similar qualifications who were not members of the protected class were hired. [Emphasis added] *See Nguyen v. City of Cleveland*, 229 F.3d 559 (9th Cir. 2000); *Lindahl v. Air France,* 930 F.2d 1434 (9th Cir. 1991); *Pejic v. Hughes Helicopter, Inc.*, 840 F.2d 667 (9th Cir. 1988). A simple review of the Complaint reveals that Plaintiff cannot establish a *prima facie* case of age discrimination, because she cannot meet elements no. 2 and 3[2].

Specifically, Plaintiff indicated that she was merely "dissuaded" by the "dozen pages" of twenty years of work experience that would have been required in order to fulfill the job advertisement. *See Plaintiff's Complaint,* at ¶ V. Plaintiff's unwillingness to prepare a comprehensive resume does not excuse her obligation to apply, because City Defendants cannot be held liable under the ADEA if they have not taken an adverse action against her. *Id.* Plaintiff elected <u>not</u> to apply, deprived the Defendants of

---

[2] If the Court is not inclined to grant City Defendants' Motion to Dismiss/Motion for Judgment on the Pleadings Defendants reserve the right to argue in more detail Plaintiff's inability to demonstrate elements no. 2, 3, and 4 in a Motion for Summary Judgment.

1958892.1

an opportunity to consider her for the position, and would have this Court impose liability where no adverse action has been taken. The ADEA simply does not impose liability under these circumstances. *Id.*

Accordingly, Plaintiff has failed to state a claim upon relief can be granted. Judgment in favor of Defendants is warranted because on the face of Plaintiff's Complaint she cannot establish a *prima facie* case of age discrimination and therefore, it must be dismissed.

### B. Improper Parties – Failure to State a Claim.

Plaintiff improperly sued the City Council, the City Administrator, Human Resources Director and Mayor claiming they violated ADEA in their individual capacities. ADEA does not extend liability to individual employees or employer agents, but rather to the employer, which in this case is the City of Yuma. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (finding civil liability for employment discrimination under ADEA was limited to employers and, thus, did not extend to individual agents of employer who committed violations.) Therefore, Plaintiff has failed to state a claim against the City Council, Administrator, Human Resources Director and Mayor that gives rise to "individual liability." Rule 12(b)(6) FED.R.CIV.P. and ARIZ.R.CIV.P.

### C. Plaintiff's State Claims are Time Barred.

1. Plaintiff's State Claims Against the City of Yuma Are Barred by the Notice of Claim Statute.

Plaintiff alleges in her Complaint that the City of Yuma's actions violate Arizona law. *See* Plaintiff's Complaint at ¶ III. Plaintiff further filed a charge of discrimination with the Arizona Attorney General's Office, Civil Rights Division. To the extent Plaintiff's Complaint alleges discrimination under Arizona law such claims are barred by the Notice of Claim Statute, A.R.S. §12-821.01[3].

---

[3] The purposes of the claim statute requirements are to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting. *See Martineau v. Maricopa County*, 207 Ariz. 332, 86 P.3d 912 (App. 2004); *City of Tucson v. Fleischman*,

1958892.1

A.R.S. § 12-821.01 provides:

> A.    Persons who have claims against a public entity or public employees shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona Rules of Civil Procedure within **180 days** after the cause of action accrues…. **Any claim which is not filed within 180 days after the cause of action accrues is barred and no action may be maintained thereon.** A.R.S. § 12-821.01 (emphasis added).

In the case at bar, Plaintiff did not allege in her Complaint that she filed a Notice of Claim upon the City of Yuma, and in fact she failed to do so. Given this failure, § 12-821.01 mandates dismissal of any allegations pertaining to state law violations contained Plaintiff's Complaint. *See State Comp. Fund v. Superior Court (EnerGCorp, Inc.)*, 190 Ariz. 371, 376, 948 P.2d 499, 504 (App. 1997) ("[N]o action may be maintained when a plaintiff has failed to file a timely, sufficient notice of claim…"); *Salerno v. Espinoza*, 210 Ariz. 586, 115 P.3d 626 (App. 2005); *Andress v. City of Chandler*, 198 Ariz. 112, 7 P.3d 121 (App. 2000). Plaintiff alleges that her rights were violated on October 10, 2007. Plaintiff had 180-days, or until April 6, 2008, to file a Notice of Claim pertaining to any state law violations. Instead, Plaintiff filed her lawsuit alleging state law violations without ever filing a Notice of Claim. Her lawsuit is devoid of any indication that a Notice of Claim was properly served upon the City Defendants.

2.    <u>The Statute of Limitations Bars Plaintiff's Claims from the "Past Several Years."</u>

a.    Federal Claims.

As a prerequisite to filing suit under the ADEA, Plaintiff was required to exhaust her administrative remedies and file a charge with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful act. *See* 29 U.S.C. § 626(d)(2). If the EEOC dismisses the charge, the EEOC sends a letter to the employee notifying him that the EEOC investigation is complete and that the

---

152 Ariz. 269, 272 731 P.2d 634, 637 (App. 1986)(discussing the purposes of the original notice of claim statute).

1958892.1

employee has 90 days in which to bring a civil suit against the employer in federal court. *See* 29 U.S.C. § 626(e). For a lawsuit to be timely, a claim under ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter. *See id.; see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50, 104 S.Ct. 1723 (1984). Federal law requires a party to file a lawsuit within 90 days of receiving a Notice of Right to Sue letter from the respective state and/or federal agency. *See id.;* A.R.S. § 41-1481(D); *See* 42 U.S.C. § 12117(a); 42 U.S.C. 2000e-5(e)(f). The 90 day deadline to file suit is not simply a procedural requirement, but is considered a statute of limitations. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).

Here, on the face of Plaintiff's Complaint, it appears Plaintiff did not exhaust administrative remedies and failed to file a charge of discrimination with the EEOC relating to claims from the "past several years." As such, to the extent that she alleges such federal employment claims against the City Defendants, they must be dismissed. Even if Plaintiff adhered to the prerequisite, her claims that discrimination occurred in the "past several years" simply could not possibly survive the 90-day filing requirement and are precluded under federal law.

b. State Claims.

As a prerequisite to filing suit under the Arizona Civil Rights Act ("ACRA"), Plaintiff was required to exhaust administrative remedies and file a charge with the Arizona Attorney General's Office within 180 days of the alleged unlawful act. *See* A.R.S. § 41-1481 (A). If the charge of discrimination is dismissed, the Attorney General's Office sends a letter to the employee notifying him that the investigation is complete and that the employee has 90 days in which to bring a civil suit against the employer. *See* A.R.S. 41-1481 (D). State law requires a party to file a lawsuit within 90 days of receiving a Notice of Right to Sue letter from the respective state agency. *See* A.R.S. § 41-1481(D). The 90 day deadline to file suit is not simply a procedural requirement, but is considered a statute of limitations. *See Madden-Tyler v. Maricopa County*, 189 Ariz. 462, 943 P.2d 822 (App. 1997). In no event shall any action be brought

1958892.1

pursuant to Arizona law more than one year after the charge to which the action relates has been filed. A.R.S. § 41-1481(D).

Simple arithmetic reveals that Plaintiff's alleged claims occurring for the past "several years" are barred by the statute of limitations because it appears Plaintiff failed to exhaust administrative remedies and failed to file a charge of discrimination. Even if one was filed, the claims cannot survive the prerequisite filing deadlines or the one-year statute of limitations.

### III. CONCLUSION

The ADEA does not impose individual liability against employees or the agent's of the an employer. Therefore, Plaintiff's claims against City Council, the City Administrator, Human Resources Director and Mayor in their individual capacity must be dismissed.

Plaintiff's state law claims must be dismissed because Plaintiff failed to serve a Notice of Claim upon the City Defendants. Further, any state or federal claims from "several years ago" are barred by the statute of limitations.

Finally, Plaintiff cannot demonstrate a *prima facie* case of age discrimination, because she did not actually "apply" for the position, which is a requirement to seek protection under the ADEA. For all these reasons, Plaintiff's Complaint must be dismissed, in its entirety, with prejudice or, in the alternative, judgment on the pleadings in favor of City Defendants is warranted.

RESPECTFULLY SUBMITTED this 8th day of September 2008.

JONES, SKELTON & HOCHULI, P.L.C.

By  s/Michele Molinario
　　Donald L. Myles, Jr.
　　Steven D. Leach
　　Michele Molinario
　　2901 North Central Avenue, Suite 800
　　Phoenix, Arizona  85012
　　*Attorneys for Defendant City of Yuma*

1958892.1

...

## CERTIFICATE OF SERVICE

☒ I hereby certify that on September 8, 2008, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing.

☒ I hereby certify that on September 8, 2008, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

> Yvonne Cummins
> 5309 Riverside Drive
> Yuma, Arizona  85364
> *Plaintiff pro se*

  s/Letitia L. Wright

1958892.1